# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Francis Raymond Edwards,

      Plaintiff

v.

J. Dzurenda, et al.,

      Defendants

Case No.: 2:20-cv-02318-JAD-EJY

**Order Screening
Complaint and
Denying Motions**

[ECF Nos. 1, 4]

Plaintiff Francis Raymond Edwards brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth Amendment rights were violated when medical staff failed to provide him proper medical treatment during his incarceration at a trio of Nevada's prisons. Though Edwards filed an application to proceed *in forma pauperis* for prisoners,[1] it appears that he is no longer incarcerated, so I deny his prisoner application as moot, order him to update his address, and direct him to either file the application for non-prisoners or pay the full $402 filing fee by September 1, 2021. And finally, I screen Edwards's complaint under 28 U.S.C. § 1915A, dismiss it with leave to amend, and deny his motion for counsel.

## Background

**A.    Plaintiff's factual allegations**[2]

From 2015 through 2015, Edwards was an inmate at three different Nevada Prisons: Northern Nevada Correctional Center, Lovelock Correctional Center, and High Desert State

---

[1] ECF No. 1.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

Prison.[3]  He alleges that he suffers from telescoping intestines and male rotating disorder[4] and that it has been documented in his medical file that he was "given medicine to help stop unwanton pain."

Dr. Gedney was told about Edwards medical conditions, but he chose a less effective treatment that only masked the disorder, rather than permanently correcting the disorder.[5]  The course of treatment did not help, but Dr. Gedney ignored Edwards's complaints, which led to "unwanton pain [and] suffering."

When Edwards moved to Lovelock Correctional Center, Dr. Adamson also chose a course of treatment that did not stop or the problem or "the unwanton infliction of pain."[6]  And when Edwards moved to High Desert State Prison, Dr. Brian chose a course of treatment that did not stop the problem or "the unwanton infliction of pain."[7]  Defendants Dzurenda, Aranas, Daniels, and Buencumiko are supervisors whom Edwards claims are responsible to ensure that NDOC employees do not violate the constitution.[8]

**B.      Plaintiff's causes of action**

Based on these events, Edwards sues J. Dzurenda, Aranas, Daniels, Buencumiko, Gedney, Adamson, and Brian, alleging that they violated his Eighth Amendment rights.  He seeks damages as well as surgery for his medical condition.[9]

---

[3] ECF No. 1-1 at 1.

[4] *Id.* at 4.

[5] *Id.* at 5.

[6] *Id.* at 6.

[7] *Id.* at 7.

[8] *Id.* at 5.

[9] *Id.* at 10.

**Discussion**

**I.    Edwards has not pled a colorable claim, but the court grants leave to amend.**

    **A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[11]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more

---

[10] *See* 28 U.S.C. § 1915A(a).

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[16]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

## B.    Analysis of Edwards's claims

### 1.    *Plaintiff does not state a colorable Eighth Amendment claim.*

I construe Edwards's Eighth Amendment claim as a claim of deliberate indifference to a serious medical need.  The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[19]  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[20]  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference."[21]  For the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[22]  For the second prong, he must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] *Id.*

[19] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[20] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[21] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[22] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

caused by the indifference."[23]  This requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[24]

When a prisoner claims deliberate indifference based on a delay in providing medical treatment, he must show that the delay led to further harm.[25]  Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted.[26]  Thus, if a prison medical official is denied resources necessary to provide medical care, that person cannot be said to have punished the inmate and cannot be held liable under the Eighth Amendment.[27]  Because deliberate indifference is required, a complaint that a medical provider inadvertently or negligently misdiagnosed or treated a medical condition is <u>not</u> sufficient to state a valid claim under the Eighth Amendment as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."[28]  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[29]  A mere difference of opinion between medical

---

[23] *Id.*

[24] *Farmer*, 511 U.S. at 837; *see also Peralta*, 744 F.3d at 1086.

[25] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[26] *Farmer*, 511 U.S. at 844.

[27] *Peralta v. Dillard*, 744 F.3d at 1084; *see also Patkins v. Tran,* No. 15-CV-05073-EMC, 2017 WL 2861914, at *7 (N.D. Cal. July 5, 2017) (holding that because prison policy concerning allowable dental services for prisoners did not include bridges, the law did not impose liability for damages on dentist for not providing a replacement bridge for inmate).

[28] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[29] *See Toguchi  v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

1 professionals concerning the appropriate course of treatment, or a difference of opinion between

2 the prisoner-patient and the medical-care provider, also cannot support a claim for deliberate

3 indifference to serious medical needs[30] unless the prisoner can "show that the course of treatment

4 the doctors chose was medically unacceptable under the circumstances" and "that they chose this

5 course in <u>conscious</u> disregard of an excessive risk to [the prisoner's] health."[31]

6      I find that Edwards fails to state a colorable claim of deliberate indifference to a serious

7 medical need. He alleges that doctors chose a less effective treatment that masked his underlying

8 condition rather than providing a permanent fix to his condition. Based on these allegations, it

9 appears that Edwards's claim is based on a difference of opinion regarding his treatment, but

10 Edwards does not allege facts demonstrating that the course of treatment that the doctors chose

11 was unacceptable under the circumstances. So his allegations fail to state a colorable claim, and

12 I dismiss this claim without prejudice and with leave to amend. If Edwards chooses to file an

13 amended complaint, he must allege facts that show that the course of treatment chosen by each

14 defendant was medically unacceptable under the circumstances.

15

16        **2.**    ***The allegations in the complaint do not give rise to a
Supervisor-liability claim.***

17      Edwards attempts to bring claims against various defendants based on their roles as

18 supervisors. But a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal

19 participation by the defendant."[32] "A supervisor is only liable for constitutional violations of his

20 subordinates if the supervisor participated in or directed the violations or knew of the violations

21

22 ---

[30] *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

23 [31] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

[32] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

and failed to act to prevent them.  There is no respondeat superior liability under [§]1983."[33]  "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor."[34]  "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[35]  "A plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[36]

If Edwards wishes to bring any supervisory liability claims in an amended complaint, he must allege facts demonstrating that the supervisors either directed the alleged violations or knew of the alleged violations and failed to act to prevent them.  At this point, he has not done so.

## C.    Leave to amend

Because it is not yet clear that Edwards cannot state a colorable claim for deliberate indifference to a serious medical need, I grant him leave to amend.  If he chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[37]  He must file the amended complaint on this

---

[33] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[34] *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

[35] *Id.* at 1207.

[36] *Id.*

[37] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an

court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Edwards must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. He must file the amended complaint by September 1, 2021.

## II. Edwards must update his address with the court by September 1, 2021.

Though the Nevada Department of Corrections' database reflects that Edwards is no longer in custody, Edwards has not filed an updated address with this court. This Court's Local Rule of Practice IA 3-1 states that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."[38] If Edwards does not update the court with his current address by September 1, 2021, I will dismiss this action without prejudice.

## III. Motion for Counsel [ECF No. 4]

Edwards filed a motion asking whether he had an attorney for this case.[39] He does not. To the extent that his filing can be construed as a request for appointment of counsel, it is denied. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-

---

amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[38] Nev. L. R. IA 3-1.

[39] ECF No. 4.

rights claims.[40]  The statute that governs this type of litigation—28 U.S.C. § 1915(e)(1)—

provides that "[t]he court may request an attorney to represent any person unable to afford

counsel."  However, the court will appoint counsel for indigent civil litigants only in

"exceptional circumstances."[41]  "When determining whether 'exceptional circumstances' exist, a

court must consider 'the likelihood of success on the merits as well as the ability of the petitioner

to articulate his claims pro se in light of the complexity of the legal issues involved."[42]  "Neither

of these considerations is dispositive and instead must be viewed together."[43]  I do not find

exceptional circumstances here, so I deny Edwards's request for appointment of counsel.

The motion also notes that the law library at High Desert State Prison was not providing

Edwards with copies of motions to file.[44]  As it appears that Edwards has been released from

NDOC custody, any issues regarding the law library are now moot.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the

complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Edwards's claims are DISMISSED without prejudice

and with leave to amend by September 1, 2021.  If plaintiff chooses to file an amended

complaint, he must use the approved form and he must write the words "First Amended" above

the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a

separate screening order, and **the screening process will take <u>many months</u>.  If plaintiff does**

---

[40] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[41] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[42] *Id.*

[43] *Id.*

[44] ECF No. 4.

9

**not file an amended complaint by September 1, 2021, this action will be dismissed without prejudice.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff:

- The approved form for filing a § 1983 prisoner complaint and instructions for the same;

- A copy of his original complaint (ECF No. 1-1); and

- The approved form application to proceed *in forma pauperis* by a non-prisoner and instructions for the same.

IT IS FURTHER ORDERED that by **September 1, 2021**, plaintiff must:

- File his updated address with the court **AND**

- Do one of these two things: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $402.

If he fails to do so, this case will be dismissed without prejudice and without further prior notice.

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* for prisoners **[ECF No. 1] is DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel **[ECF No. 4] is DENIED** without prejudice, and any requests regarding the High Desert State Prison law library are denied as moot.

Dated: June 30, 2021

_____
U.S. District Judge Jennifer A. Dorsey